### Davis's Estate.

*Wills—Probate—Will contest—Withdrawal of appeal—Practice, O. C.*

An appeal in a will contest will not be dismissed upon a petition of one of the parties, not supported by affidavit, and which does not show that all of the parties interested desire the appeal to be dismissed.

Petition to withdraw appeal in will contest. O. C. Schuylkill Co.

WILHELM, P. J., May 24, 1926.—A paper was handed to the court on May 17, 1926, which is headed "The petition of Annie Bedford," which signifies that it is her desire to withdraw the appeal in a will contest in the estate of Annie Davis, deceased.

This petition is signed by Annie A. Bedford and D. Midgley, Jr. The petition is not supported by the affidavit of any person.

The proceeding before the court is an appeal from the decision of the register, refusing to probate a certain paper writing alleged to be the last will and testament of Fannie Davis, deceased.

In the petition supporting the appeal the parties in interest are named as follows: Thomas Davis, husband; Merritt Midgley, David Midgley and Annie Bedford, nephews and niece.

It was decided in Miller's Estate, 166 Pa. 97, followed in the Estate of Bridget Moss, 16 Schuyl. Legal Rec. 104, that a will contest enures to the benefit of all the parties in interest. Each heir-at-law has the right to an issue if he can show facts that would sustain a verdict against the will. This right is saved to all, however, by the *caveat* or appeal filed, and all interested parties are entitled to notice before a *caveat* or appeal is withdrawn.

In the case at bar it does not appear that all of the parties in interest desire that the appeal be withdrawn; therefore, it would be improper to dismiss this appeal upon a paper not supported by affidavit and which does not show that all of the parties interested desire the appeal to be dismissed.

From M. M. Burke, Shenandoah, Pa.